UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennis Larson Loop, | Civil No. 05-574(JRT/FLN) |
| | and Civil No. 05-575 |
| | (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hennepin County, et al., | |
| and United States of America, et al. | |
| Defendants. | |

Pro Se Plaintiff.
Toni A. Beitz for Defendants Hennepin County, et al., David Duddleston for Defendant Russ Bankey.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 28, 2005, on Defendants' Hennepin County et al. Motion to Dismiss, Case No. 05-574 [#26] and Defendant Russ Bankey's Motion to Dismiss, Case No. 05-575, [#5]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends that both Defendants' Motions to Dismiss [#26] and [#5] be granted.

## I.   BACKGROUND

**A.   Case No. 05-574**

On August 5, 1999, Hennepin County Sheriff's Deputy Dan Antisdel obtained and executed a warrant to search the residence at 3407 43rd Avenue South in Minneapolis for controlled substances. (Amended Compl. at 1, ll. 22-25; Defendants' Joint Answer ("Answer") ¶2; Answer Exhibit A-1.) At that time, Plaintiff Dennis Larson Loop ("Loop") was a resident at 3407 43rd

Avenue South. While executing the search warrant the deputy sheriffs seized 3.3 grams of marijuana from a pair of jeans located in Loop's bedroom. (Amended Compl. at 2, ll. 3-5; Answer ¶5 and Exhibit A-2.) The deputy sheriffs also seized drug paraphernalia consisting of a brass marijuana pipe and a wooden marijuana case from Loop's person. (Id.) Loop informed the deputies at the time of the search and seizure that he was a Rastafarian, and that he had a 1992 order from Hennepin County District Court Judge Beryl Nord ("Order") that declared that Loop's marijuana pipe and case were "legal religious items." (Amended Compl. at 2, ll. 5-8; p. 6.) Judge Nord's Order authorized the release of a bronze marijuana pipe which had been seized from Loop by the Minneapolis Police Department. (Id.) Judge Nord issued the Order after he concluded that Loop had "genuine religious beliefs" and that the marijuana pipe had "religious significance" to him. (Id.)

The next business day after the marijuana pipe, case, and marijuana were seized from Loop's residence, Loop went to the Hennepin County Sheriff's Narcotics Unit office in order to secure the return of his property. (Amended Compl. at 2.) Loop showed the Order to Hennepin County Deputy Sheriff Jeff Burchett and argued that the Order gave him the right to possess the property that was seized by the sheriffs department. (Id.) Deputy Sheriff Burchett refused to release the property to Loop. Loop filed a petition for judicial determination of forfeiture and return of property in Hennepin County District Court, requesting the return of his brass marijuana pipe and marijuana case. (Id.) In his Complaint, Loop states that his petition was put on the calendar of Judge Catherine L. Anderson, that the Hennepin County Attorneys Office decided not to contest his petition, and that his marijuana pipe and case were subsequently returned to him. (Id.)

Loop claims that the Hennepin County Sheriffs Department is still in possession of one-eighth an ounce of marijuana that was seized from Loop during the execution of the search warrant,

and that the failure to return the marijuana to Loop constitutes a violation of his First Amendment rights to free exercise of religion. (Id. at 3-5.) Loop claims that the sheriffs department, by continuing to hold his one-eighth ounce of marijuana, is violating his freedom of religion under the First Amendment. (Id.) Loop alleges that these actions constitute a violation of 42 U.S.C. Section 1983. This argument forms the basis of his present suit. Loop requests the return of the one-eighth ounce of marijuana, his "true religious freedom recognized and protected . . . [and] damages of at least one dollar, and the first dollar to be paid in the form of an Eisenhower Silver Dollar, in Good condition." (Id. at 5.) Defendants' Hennepin County et al argue that Loop has failed to state a claim upon which relief may be granted and move to dismiss Loop's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### B. Case No. 05-575

On March 10, 2005, Loop entered the United States Federal Courthouse at 300 South Fourth Street, Minneapolis, Minnesota, in order to check on the status of a pending federal civil case. (Compl. at 1.) Security at the United States Federal Courthouse in Minneapolis is provided by Akal Security, Inc. ("Akal"). (Bankey Decl. ¶¶2-3.) Akal is a private security company that has a contract with the United States Marshal Service to provide security at the federal courts in Minnesota. (Bankey Decl. ¶ 3.) The Court Security Officers ("CSO") employed by Akal and handle access control and courtroom security for each courthouse. (Id.) CSO's are stationed at the courthouse lobby security checkpoint. (Id. at ¶ 4.)

When Loop entered the United States Federal Courthouse on March 10, 2005, Loop proceeded to go through the metal detectors at the courthouse lobby security checkpoint. (Pl.'s Compl. at 2.) Before Loop entered the metal detectors, he put his brass marijuana pipe in the tray

with all of his other metal items. (Compl. at 2.) CSO Paul Finnegan was stationed at the security checkpoint, and identified the object that Loop placed in the tray as illegal marijuana paraphernalia. (Bankey Decl. at ¶ 4.) CSO Finnegan summoned Lead CSO Russell J. Bankey to the courthouse security checkpoint. (Id.) When Lead CSO Bankey arrived at the checkpoint, CSO Finnegan handed the marijuana pipe to Bankey, and he identified the object as paraphernalia. (Id.) While Lead CSO Bankey was examining the pipe, Loop explained that he was a Rastafarian, and that he used the pipe for religious purposes. (Id. at ¶5; Pl.'s Compl. at 2.) Loop then showed Lead CSO Bankey the 1992 Order from Hennepin County District Court Judge Beryl Nord and stated that he was legally permitted to possess the marijuana pipe for religious purposes. (Id. at ¶5; Pl.'s Compl. at 2.)

Lead CSO Bankey told Loop that the pipe was contraband and was not permitted in a federal courthouse. (Bankey Decl. at ¶6.) Lead CSO Bankey then requested that Loop accompany him to the United States Marshal's Office to speak with Deputy Marshal Mark Postudensek. (Id. at ¶7.) Loop did so, and while Deputy Marshal Postudensek was out of the room, Lead CSO Bankey conducted a search of Loop's person for contraband. (Id. at ¶¶ 7-8.) While patting Loop's pockets, Lead CSO Bankey found a small wooden box that contained a Ziploc bag with what appeared to be marijuana inside. (Id. at ¶8.) Loop admitted that the bag contained marijuana and stated that Bankey would be violating his First Amendment rights if Bankey were to confiscate the marijuana. (Id.) Lead CSO Bankey then accompanied Loop to the office of the Clerk of Court so that Loop could conduct his business and then Bankey escorted Loop out of the building. (Id. at ¶9.) The United States Marshal's Office retained the contraband that was confiscated from Loop. (Id. at ¶8.)

Loop initiated the current lawsuit against Defendant Russell Bankey alleging that Russell

Bankey was a United States Marshal who denied Loop his First Amendment right to religious freedom. (Pl.'s Compl. at 4.) Loop alleges that these actions are a violation of 42 U.S.C. Section 1983. In his Amended Complaint, Loop states that "[t]he Defendant originally identified as U.S. Marshal Russ Bankey, was actually Deputy U.S. Marshal Mark Postudensek. The only change [in the Amended Complaint] is the substitution of Deputy U.S. Marshal Mark Postudensek, for the original Defendant, U.S. Marshal Russ Bankey." (Pl.'s Amended Compl. at 1.) Loop filed his amended complaint on October 26, 2005, two days before the hearing on Defendant Russell Bankey's Motion to Dismiss. (Id.) Loop requests "damages of at least one dollar, and, [his] brass marijuana pipe, wooden marijuana case, and approximately one-sixteenth of an ounce of marijuana, returned to [him], and [his] true religious freedom recognized and protected." (Id. at 5.)

Defendant Russell Bankey moves to dismiss Loop's Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) on the grounds that the Complaint fails to state a claim upon which relief may be granted. Since the issues in case number 05-574 and 05-575 are identical, these cases have been consolidated into the present action. The Court must now consider whether Loop's First Amendment right to the free exercise of religion was violated when the Defendants' in these cases seized his marijuana, his pipe and his case, and refused to return these items.

## II.  CONCLUSIONS OF LAW

### A.  Standard of Review

Defendants move to dismiss in the respective Complaints for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Schaller Tel.

Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted).  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.  See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

**B.    Loop Failed to State a Cause of Action Under 42 U.S.C. Section 1983 Upon Which  Relief May Be Granted**

In order for a plaintiff to assert a valid claim under 42 U.S.C. Section 1983, the plaintiff must first show that he or she has been deprived of a right secured under the Constitution of the United States or other federal law.  Baker v. McCollan, 443 U.S. 137, 140 (1979).  If no such violation can be shown by the plaintiff, then the plaintiff does not have a valid claim under Section 1983.  Id. at 146-47.  Loop bases his claims in both cases on the First Amendment to the United States

Constitution, which states, in part "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." US CONST. Amend. I.  Therefore, Loop must show that the seizure of his marijuana by the Hennepin County Sheriff's Department in 1999, and the seizure of his marijuana, pipe, and wooden case by Lead CSO Bankey in March 2005, violated Loop's First Amendment rights and constituted a prohibition upon his ability to freely exercise his chosen religion of Rastafarianism.

Loop is unable to show that the seizure of his marijuana, pipe and case in either instance constitutes a violation of his First Amendment rights under the United States Constitution.  The United States Supreme Court has issued a ruling directly on point with this issue in the case of Employment Div., Dep't of Human Res. of Oregon v. Smith, 494 U.S. 872 (1990).  The respondents in Smith were terminated from their employment because "they ingested peyote for sacramental purposes at a ceremony of the Native American Church, of which both are members."  Id. at 874. After being terminated the respondents applied for unemployment benefits.  Id.  Respondents were deemed "ineligible for benefits because they had been discharged for work-related 'misconduct.'" Id.  The Oregon Supreme Court ultimately held that the prohibition against religiously inspired use of peyote was invalid under the Free Exercise Clause of the First Amendment to the United States Constitution.  Id. at 875-76.

The United States Supreme Court was asked to consider whether Oregon's prohibition against the religious use of peyote violated the Free Exercise Clause.  Id. at 876.  The Court held that neutral laws of general applicability that have the effect of burdening religious practices do not violate the Free Exercise Clause of the First Amendment.  Id. at 883-885.  The Court held that neutral laws of general applicability that have the effect of burdening religious practices need not

be supported by a compelling governmental interest.  Id. at 885-886.

Possession of marijuana and possession of marijuana paraphernalia are prohibited by Minn. Stat. Section 152.027 and Section 152.092, respectively.  These laws are neutral laws of general applicability.  Under the holding in Smith, Loop cannot state a claim under the First Amendment of the United States Constitution, as neutral laws of general applicability that have the effect of burdening religious practices do not violate the Free Exercise Clause of the First Amendment.  Since Loop cannot state a violation of the First Amendment, Loop likewise cannot state a claim under 42 U.S.C. Section 1983.[1]  Therefore, the Court recommends that Loop's claims in Case No. 05-574 and Case No. 05-575 be dismissed.

### III.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants Hennepin County et al's Motion to Dismiss [#26] and Defendant Russ Bankey's Motion to Dismiss [#5] be **GRANTED**.

DATED: November 22, 2005                              s/ *Franklin L. Noel*

                                                              FRANKLIN L. NOEL
                                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 13, 2005**, written objections

---

[1] As noted above, Loop amended his Complaint in Case No. 05-575 to substitute Defendant Bankey for Defendant Postudensek.  The Court expresses no opinion as to whether the original Complaint or the Amended Complaint is the operative document in Case No. 05-575.  In either event Defendant's Motion to Dismiss is granted because, under the principles outlined by the Supreme Court in Smith, Loop cannot ever state a valid claim under the First Amendment alleging that anyone violated his Free Exercise rights by enforcing the generally applicable laws of the State of Minnesota prohibiting marijuana possession.

which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 13, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.